Jamaica Station  
Jamaica, NY 11435-4380  
718-558-8327 - Tel  
718-558-8211 - Fax

Phillip Eng  
President

Stephen N. Papandon  
Acting Vice President-General Counsel and Secretary



# Long Island Rail Road

Writer's Direct Dial: 718-558-8277  
Writer's Email: bsaltz@lirr.org

**Via ECF**

September 6, 2019

Hon. Gregory H. Woods  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 2260  
New York, NY 10007

          Re: Self Initiated Living Options, Inc. et al. v.  
             Metropolitan Transportation Authority et al.  
             <u>19-CV-3564 (GHW)</u>

Dear Judge Woods:

  This office represents defendants in the above-referenced case. Pursuant to Rule 2.C.ii of your individual rules, the parties submit this jointly composed letter requesting a pre-motion conference regarding a discovery dispute.

  A. <u>The dispute</u>.

  The dispute concerns the following two document requests served by defendants upon plaintiffs:

  Request 64—All documents showing the hourly or other rates of each of plaintiffs' attorneys in this case.

  Request 65—All documents showing the number of hours worked by each of plaintiff's attorneys in this case to date. (Plaintiffs may redact information showing the specific work.)

  Plaintiffs objected to both of those requests, noting for each that:

  "Plaintiffs object to [Requests 64 and 65] as overly broad and unduly burdensome, insofar as it is not limited in scope of timeframe, and seeks '[a]ll **documents** (emphasis in original response) showing the hourly or other rates' and '[a]ll **documents** (emphasis in original response) showing the number of hours worked by each of plaintiffs' attorneys in this case to date. Plaintiffs further object to [Requests 64 and 65] to the extent it seeks documents and information that are not

*The agencies of the MTA*

MTA New York City Transit  MTA Metro-North Railroad  MTA Capital Construction  
MTA Long Island Rail Road  MTA Bridges and Tunnels  MTA Bus Company

relevant to the claims or defenses of any party in the above-captioned action, not reasonably calculated to lead to the discovery of admissible evidence, and otherwise beyond the scope of permissible discovery. Plaintiffs also object to [Requests 64 and 65] to the extent that it seeks the disclosure of documents and information protected by the attorney-client privilege, the attorney work-product doctrine, the doctor-patient privilege, or other applicable privileges, protections, immunities or exemptions."

With regard to Request 64, plaintiffs also objected to the request as premature.

B.  Defendants' position.

In *United States ex rel. Rubar v. Hayner Hoyt Corp.*, 2018 US Dist LEXIS 158824 at *46 [NDNY 2018], the court noted that "attorney time records and billing statements are not privileged when they do not contain detailed accounts of the legal services rendered" and that "defendants should be able to provide, without revealing attorney-client privileged information, billing statements and time records relating to [the firm's] representation insofar as it involved plaintiff, redacted, where needed, to the extent they reveal anything beyond client identity and fee information." Similarly, the Second Circuit, applying New York law, stated that "attorney time records and billing statements are not privileged when they do not contain detailed accounts of the legal services rendered" (*see DiBella v. Hopkins*, 403 F3d 102, 120 [2d Cir 2005]; *see also BG Real Estate Servs. v. Am. Equity Ins. Co.*, 2005 US Dist LEXIS 10330 at *20 [ED La 2005] [amounts paid, number of hours billed, dates on which lawyers worked and billing rates applied are in no way privileged or otherwise protected from discovery; *Stonehenge/Fasa-Texas, JDC, LP v.Miller*, 1998 US Dist LEXIS 18569 at *3 [NY Tex 1998] [billing rates not protected by attorney-client privilege]).

Here, defendants only requested the hourly rates of each of plaintiffs' attorneys in this case and the hours worked by each attorney in this case to date. Defendants specifically stated that plaintiffs may redact information showing the specific work that the attorneys performed. As plaintiffs in their class action complaint are seeking "reasonable attorneys' fees and costs" (*see* Complaint, ECF Document 1, ¶¶ 102, 111, 132, 142, 146), defendants should be allowed to determine what those attorney fees are to date so that they may defend the lawsuit properly and/or determine whether an early resolution is feasible.

C.  Plaintiffs' position.

Plaintiffs' first objection to Requests 64 and 65 is that Plaintiffs' attorneys' rates and hours worked on this matter are not relevant to the claims and defenses in this action, and therefore are not a proper subject of discovery at this stage under Federal Rule of Civil Procedure 26(b)(1). The claims and defenses at issue in this action solely relate to accessibility of the Amityville, Copiague, and Lindenhurst LIRR stations and their bathrooms and related facilities, and the hourly rates and hours spent on this matter by Plaintiffs' attorneys have no bearing on those issues.

Plaintiffs' second and more significant objection to Requests 64 and 65 is premised on the ethical prohibition on permitting a conflict of interest to arise between counsel and our clients with respect to any linking of a potential resolution of this matter to the attorneys' fees to be requested. Counsel are constrained not to discuss or otherwise disclose attorneys' fees and rates to be requested in the event of a settlement or if they prevail in the litigation, unless and until all issues relating to relief have been resolved. *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 308 (3d Cir. 2005) ("There exists a special danger of collusiveness when the attorney fees, ostensibly stemming from a separate agreement, were negotiated simultaneously with the settlement."); *Pinto v. Spectrum Chems & Lab. Prods.*, 200 N.J. 580, 600 (2010) (holding that defendants are barred from demanding fee waivers as a condition of settlement in fee-shifting cases involving public-interest law firms, especially in cases involving equitable relief); Federal Judicial Center, *Manual for Complex Litigation, Fourth*, § 21.7 *at* https://www.fjc.gov/sites/default/files/2012/mcl4.pdf ("[s]imultaneous negotiation of class relief and attorney fees creates a potential conflict. Separate negotiation of the class settlement before an agreement on fees is generally preferable."). Upon any resolution of this action, Plaintiffs' attorneys intend to seek the attorneys' fees and costs to which they would be entitled under 42 U.S.C. § 12205, at which point disclosure of such fees and costs would be appropriate. At the present time, before any settlement discussions have taken place, discussion of any fees to be requested by counsel is entirely premature.

Defendants have represented that the purpose of such discovery is to facilitate early settlement discussions, but leaving aside the ethical considerations addressed above, such information is not necessary in order to do so. Plaintiffs remain willing to participate in settlement discussions and encourage Defendants to do so; however, Plaintiffs do not believe that the requested information as to the hourly rates and hours worked on this matter by Plaintiffs' attorneys to date would significantly inform Defendants' settlement posture and the issues material to this action. At this very early stage of the litigation, the cost of the required remediation and full relief in this case—installation of elevator access and other architectural remediation at the three affected LIRR stations—far exceeds Plaintiffs' attorneys' fees and costs, which will certainly increase as the litigation proceeds, as Defendants well know. Therefore, invasive discovery as to counsel's rates and fees incurred to date (even without detailed billing records) is unnecessary and does not limit Defendants from engaging in meaningful settlement discussions if they so desire.

The cases upon which Defendants purport to rely are entirely inapposite because they do not involve attempts to obtain contemporaneous attorney fee records from a litigation in progress, and as a result, there was no danger that attorney billing information could inform their opponents about ongoing attorney cooperation. That is a concern here, even if Plaintiffs produce information about their daily activities in redacted form. Rather, most of the cases cited by Defendants involve the discovery of attorney fee records from a different, earlier client representation than the one in which the records were later used, so the considerations of relevance and privilege were different.

In contrast, Defendants request "*[a]ll* documents showing the number of hours worked by *each* of plaintiff's attorneys in this case to date" (emphasis added). However, unless and until Plaintiffs accrue a right to attorneys' fees through successful resolution of their claims, there is no legitimate need for Defendants to ascertain detailed information regarding attorneys' fees and costs and work product. ". . . [T]he general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order." *Hickman v. Taylor*, 329 U.S. 495, 512 (1947). Defendants have not done so. Defendants' demand for contemporaneous dates and hours worked by each of Plaintiffs' attorneys is invasive and totally unrelated to disproving Plaintiffs' claims about elevators and related facilities.

Plaintiffs further note that Plaintiffs have not yet received Defendants' responses to Plaintiffs' discovery requests, to which responses are due on September 6, and reserve their right to raise any issues related thereto as appropriate.

D.  Efforts to resolve the dispute.

On August 27, 2019, I wrote to plaintiffs' counsel Christina Brandt-Young in an attempt to resolve this dispute. I explained that the documents requested were not privileged and should be produced, and cited some cases in support of that position. I also stated that, as I previously advised Ms. Brandt-Young and the Court, defendants hope to resolve this case early. I explained that I would be meeting with my clients on September 5 to discuss that possibility and needed to consider plaintiffs' potential attorney fees during that discussion.

On August 30, 2019, Ms. Brandt-Young wrote back to state that plaintiffs "stand on their objections" to the document requests. Plaintiffs explained the reasons for the objections, as stated above, and noted their willingness to discuss this matter further.

Thank you for your attention to this matter.

Respectfully submitted,

Brian K. Saltz

cc: Counsel for plaintiff (via ECF)